```
          UNITED STATES DISTRICT COURT
      FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JEREMY BANEY,                    :    CIVIL NO. 1:06-CV-2181
                                 :
          Plaintiff              :    (Judge Conner)
                                 :
     v.                          :    (Magistrate Judge Smyser)
                                 :
TRANS UNION, LLC,                :
                                 :
          Defendant              :
```

## REPORT AND RECOMMENDATION

The plaintiff, a state prisoner proceeding *pro se*, commenced this action by filing a complaint in the Court of Common Pleas of Huntingdon County, Pennsylvania.  The defendant removed the case to this Court on November 7, 2006.

The defendant is Trans Union LLC.

The plaintiff alleges that in April of 2005 he contacted the Bankruptcy Court requesting paperwork necessary to file a Chapter 7 bankruptcy case.  He alleges that he sent for the paperwork so that he could file for bankruptcy before the new

bankruptcy laws took effect in October of 2005.  He alleges that to complete the paperwork for his bankruptcy he needed a list of his creditors.

The plaintiff alleges that he did not have a list of his creditors so in July of 2005 he wrote to the defendant and requested an application form in order to obtain his credit report.  He alleges that the defendant sent him the application and that he completed the application and sent it, along with the $5.00 fee, to the defendant on or about August 15, 2005.

The plaintiff alleges that he did not receive a copy of his credit report.  He alleges that he wrote to the defendant in October of 2005, January of 2006 and July of 2006 about his credit report but that he received no response from the defendant.

The plaintiff alleges that in September of 2005 he had checked with the inmate accounting office at his prison and was told that his check to the defendant had cleared.

The complaint contains four counts.  Count I is a breach of contract claim.  Count II is a fraud claim.  Count III is a conversion claim.  Count IV is a negligence claim.

As relief, the plaintiff seeks in his complaint damages in the amount of the lesser of $25,000 or the amount owed on his credit report.  The plaintiff also seeks punitive damages, interest, attorney's fees and costs.

On November 9, 2006, we issued a case management order setting forth case management deadlines.  However, upon closer review of the complaint, we conclude that this court lacks subject matter jurisdiction over this case.

28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  It appears that this court lacks subject matter jurisdiction over the instant case.

Federal courts have federal question jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Federal courts have diversity jurisdiction where there is complete diversity among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332.  The defendant may remove from state to federal court a claim within the district court's original jurisdiction. 28 U.S.C. § 1441(a).  The defendant, as the party who removed the case to federal court, bears the burden of establishing the court's jurisdiction. *See Morgan v. Gay,* 471 F.3d 469, 473 (3d Cir. 2006).  The parties may not confer subject matter jurisdiction by consent. *Samuel-Bassett v. KIA Motors America, Inc.,* 357 F.3d 392, 396 (3d Cir. 2004).

In its Notice of Removal, the defendant claims that this Court has subject matter jurisdiction under both federal question jurisdiction and diversity jurisdiction.

The defendant asserts that this Court has federal question jurisdiction because the plaintiff's allegation that it refused to provide him with a copy of his credit report is an

4

alleged violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*

Removal on the basis of federal question jurisdiction "generally requires that a federal question be presented on the face of the plaintiff's properly pleaded complaint. This well-pleaded complaint rule 'makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.'" *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 228 (3d Cir. 1995)(quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "A case may not be removed solely on 'the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the complaint and even if both parties admit that the defense is the only question truly at issue in the case.'" *Berry v. Pennsylvania Pressed Metals, Inc.*, 846 F.Supp. 27, 30 (M.D. Pa. 1994)(quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983)).

In the instant case, the complaint contains only state law claims. The complaint does not contain a claim for violation

5

of the FCRA. Therefore, this court does not have federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

We note that there is a narrow exception to the well-pleaded complaint rule called the "complete preemption doctrine." Under the "complete preemption" exception to the well-pleaded complaint rule "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 354 (3d Cir. 1995)(quoting *Metropolitan Life Ins., Co. v. Taylor,* 481 U.S. 58, 63-64 (1987)). "For the purposes of removal, '[o]nce an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law.'" *Krashna v. Oliver Realty, Inc.*, 895 F.2d 111, 114 (3d Cir. 1990)(quoting *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393 (1987)). The defendant has not asserted and there is no basis to conclude that the FCRA completely preempts all state law claims. *See King v. Retailers National Bank,* 388 F.Supp.2d 913, 917 (N.D. Ill.

6

2005)(holding under a removal analysis that the FCRA does not completely preempt state claims).

The defendant asserts that this court has diversity jurisdiction because it is a Delaware corporation, the plaintiff is a Pennsylvania resident and, taking the allegations of the complaint at true, the amount in controversy exceeds $75,000, exclusive of interest and costs.

Where the court's jurisdiction is purportedly based on diversity jurisdiction, "28 U.S.C. § 1441 is to be strictly construed against removal . . . so that the Congressional intent to restrict federal diversity jurisdiction is honored." *Samuel-Bassett v. KIA Motors America, Inc.,* 357 F.3d 392, 396 (3d Cir. 2004).

We conclude that the amount in controversy in this case does not exceed $75,000.

"The burden of establishing the amount in controversy in removal cases rests on the defendant." *Meritcare Inc. v. St. Paul*

7

*Mercury Ins. Co.,* 166 F.3d 214, 222 (3d Cir. 1999), *abrogated on other grounds, Exxon Mobile Corp. v. Allapattah Services, Inc.,* 545 U.S. 546 (2005). The amount in controversy is measured as of the date of removal. *Id.* at 217.

"The amount in controversy is determined from the good faith allegations in the complaint." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999). "The sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). Where the plaintiff claims a specific sum, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* In a removal case, "the defendants bear the burden to prove to a legal certainty that the complaint exceeds the statutory amount in controversy requirement." *Morgan, supra,* 471 F.3d at 475.

"In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court." *Samuel-Bassett, supra,* 357 F.3d at 398.

8

In the instant case, the plaintiff in his complaint requests "[g]eneral or actual damages in the sum of $25,000.00 or the amount owed on [his] credit report or whichever is the lesser plus interest."  The plaintiff also seeks punitive damages, interest, attorney's fees and costs.  The total amount of damages requested by the plaintiff is not specified in the complaint.[1]

The amount of compensatory damages requested by the plaintiff does not meet the statutory requirement.[2]  In

---

[1] The plaintiff filed in state court a Notice of Praecipe to Enter Judgment by Default.  The plaintiff has presented a copy of the Notice which has a filing date stamp from the state court of November 2, 2006.  This document was filed in state court before the case was removed to his court on November 7, 2006.  The plaintiff also has presented to this court a document entitled "Plaintiff's Praecipe for Default Judgment Pursuant to Pa.R.C.P. 1037(b)." *See Doc. 5.*  In this document, the plaintiff is seeking a default judgment in the amount of $40,622.00. *Id.*  The plaintiff asserts that this document was filed in state court before the case was removed to this court.  However, this document does not have a filing date stamp from the state court and the document itself is dated November 13, 2006, which is after the case was removed to this court.  Since the Praecipe is dated after the date the case was removed to this Court, it is not determinative of the damages that the plaintiff was seeking on the date of removal.

[2] It is not clear how the plaintiff arrived at a figure for compensatory damages of the lesser of $25,000 or the amount he is owed on his credit report (whatever that means and whatever

(continued...)

9

determining the amount in controversy in this case we examine the plaintiff's request for punitive damages.

"Claims for punitive damages may be aggregated with claims for compensatory damages unless the former are 'patently frivolous and without foundation.'" *Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004)(quoting *Packard v. Provident Nat. Bank,* 994 F.2d 1039, 1046 (3d Cir. 1993)).  "Punitive damages claims are *per se* 'patently frivolous and without foundation' if they are unavailable as a matter of state substantive law." *Id.*  If punitive damages are available under state law for the causes of action asserted by the plaintiff "and if the claims for punitive damages are not otherwise 'patently frivolous and without foundation,' then the pleadings satisfy the necessary amount in controversy." *Id.* at 356.  In most cases, an appropriately made request for punitive damages will satisfy the amount in controversy requirement because it usually can not be stated to a

---

[2](...continued)
that figure is).  Nevertheless, we need not address the adequacy of the plaintiff's request for compensatory damages because even assuming *arguendo* that the plaintiff is entitled to $25,000 in compensatory damages, we conclude that the amount in controversy does not exceed $75,000.

legal certainty that the value of the plaintiff's claim is below the statutory minimum. *Id.* at 355.

Punitive damages are not available in connection with a breach of contract claim. *Baker v. Pennsylvania National Mutual Casualty Ins. Co.,* 536 A.2d 1357, 1361 (Pa.Super.Ct. 1987)("The law is clear that punitive damages cannot be recovered merely for breach of contract."), *aff'd,* 559 A.2d 914 (Pa. 1989).  However, punitive damages may be available in connection with claims for fraud, conversion and negligence.

"Pennsylvania law permits the recovery of punitive damages for 'torts that are committed willfully, maliciously, or so carelessly as to indicate wanton disregard of the rights of the party injured.'" *Golden*, *supra,* 382 F.3d at 356.  "The Pennsylvania Supreme Court has adopted section 908(2) of the Restatement (Second) of Torts, which states that '[p]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to others.'" *Id.* (quoting *Restatement (Second) Torts* § 908(2)(1979)).  "The Pennsylvania Supreme Court has also

11

discussed with approval Comment b of that section, which states that '[r]eckless indifference to the rights of others and conscious action in deliberate disregard of them . . . may provide the necessary state of mind to justify punitive damages.'" *Id.*

In the instant case, the plaintiff claims that he sent the defendant an application for his credit report along with $5.00 and that the defendant kept his $5.00 but failed to send him a copy of his credit report.  The plaintiff has not alleged the type of outrageous conduct that would support an award of punitive damages.

Moreover, even if punitive damages are potentially available in this case, a large punitive damages award would not be reasonable in this case.  "[E]stimations of the amounts recoverable must be realistic."  *Samuel-Bassett v. KIA Motors America, Inc.,* 357 F.3d 392, 403 (3d Cir. 2004).  "The inquiry should be objective and not based on fanciful, pie-in-the-sky, or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated."  *Id.*  Assuming

12

punitive damages would be awarded in this case, it is not realistic to think that the amount of such an award, together with compensatory damages, would be sufficient to satisfy the statutory amount in controversy requirement.[3]

"[I]n order to carry out the Congressional intent to limit jurisdiction in diversity cases, doubts must be resolved in favor of remand." *Id*.  Since is it doubtful that the amount in controversy in this case exceeds $75,000.00, we will recommend that the case be remanded to the Court of Common Pleas of Huntingdon County, Pennsylvania.

The following motions are pending in this case: the defendant's motion (doc. 8) to strike the plaintiff's praecipe for default judgment; the plaintiff's motion (doc. 14) for the appointment of counsel; and the plaintiff's motion (doc. 15) to compel discovery.  Because we conclude that this court does not have subject matter jurisdiction, we do not address the pending

---

[3] This determination is bolstered by the plaintiff's praecipe for default judgment wherein he requests a default judgment in the amount of only $40,622.00.

13

motions.[4]  The pending motions should be left for the state court to address on remand.

Based on the foregoing, it is recommended that this case be remanded to the Court of Common Pleas of Huntingdon County, Pennsylvania.

                                              */s/ J. Andrew Smyser*
                                              J. Andrew Smyser
                                              Magistrate Judge

Dated:  March 5, 2007.

---

[4] We note that there are a number of other documents on the docket in this case that were docketed as motions but that are in fact not motions.  By a separate order, we have directed the Clerk of Court to correct the docket.  Although we conclude that the court does not have subject matter jurisdiction in this case, we nevertheless think it appropriate to act to correct the court's docket.