IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEREMY BANEY,** | : | CIVIL ACTION NO. 1:06-CV-2181 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **TRANS UNION, LLC,** | : | |
| Defendant | : | |

## ORDER

AND NOW, this 10th day of April, 2007, upon consideration of the report of the magistrate judge (Doc. 19), to which objections were filed (Doc. 22), and, following an independent review of the record, it appearing that diversity jurisdiction is unavailable because the amount in controversy does not exceed $75,000.00,[1] and that federal question jurisdiction is unavailable because the complaint neither expressly asserts a federal question,[2] nor impliedly contains a

---

[1] Plaintiff's complaint requests $25,000.00 in "general or actual damages," although it is unclear how plaintiff arrived at this amount. (Doc. 19 at 9-10.) Plaintiff also requests punitive damages, which are unavailable under Pennsylvania law. See Baker v. Pa. Nat'l Mut. Cas. Ins. Co., 536 A.2d 1357 (Pa. Super. Ct. 1987) (holding that punitive damages are not available as a remedy in breach of contract claims); (see also Doc. 19 at 11-12 (stating that even if punitive damages were available in this case, such a large award would not be reasonable)).

[2] Generally, the "well-pleaded complaint rule makes the plaintiff the master of the claim," which permits him to avoid federal jurisdiction. Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 228 (3d Cir. 1995). The complete preemption doctrine, however, is a narrow exception to the well-pleaded complaint rule. This doctrine states that if an area of state law is completely preempted by Congress, any claim based upon the completely preempted state law is a federal claim. Krashna v. Oliver Realty, Inc., 895 F.2d 111, 114 (3d Cir. 1990). The Third Circuit applies a two-pronged test to determine whether an area of state law has been completely preempted. See Krashna v. Oliver Realty, Inc, 895 F.2d 111, 114 (3d Cir. 1990) (defining the two-pronged test as follows: 1) the federal statute must contain civil enforcement provisions that encompass the plaintiff's claim, and 2) there must be a clear Congressional intent to prohibit the plaintiff from relying upon state law).

substantial federal question,[3] see Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804 (1986) (stating that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction" and applying factors similar to the Third Circuit's two-pronged test for complete preemption to determine whether the court possesses subject matter jurisdiction), it is hereby ordered that:

1. The report and recommendation of the magistrate judge (Doc. 19) is ADOPTED.

2. The case is REMANDED to the Court of Common Pleas of Huntingdon County, Pennsylvania. See 28 U.S.C. § 1447(c).

3. The Clerk of Court shall CLOSE this file.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

In the instant case, plaintiff asserts only state law claims; however, his factual assertions arguably fall within the protections of the Fair Credit Reporting Act ("FCRA"). Nevertheless, this court does not possess federal question jurisdiction over plaintiff's claims because the FCRA does not meet the test for complete preemption. Specifically, the FCRA contains no clear expression of a Congressional intent to prohibit plaintiffs from relying upon state law. See King v. Retailers Nat'l Bank, 388 F. Supp. 2d 913, 916-17 (N.D. Ill. 2005) (stating that a FCRA claim does not fall within the complete preemption doctrine); see also Hughes v. Fidelity Bank, 709 F. Supp. 639, 641 (E.D. Pa. 1989) (citing Credit Data of Ariz., Inc. v. Ariz., 602 F.2d 195 (9th Cir. 1979) for the proposition that the FCRA "did not preempt field").

[3] It is unclear whether the Third Circuit recognizes substantial federal question analysis as separate and distinct from complete preemption analysis. Guckin v. Nagle, 259 F. Supp. 2d 406, 410-11 (E.D. Pa. 2003); see Goepel v. Nat'l Postal Mail Handlers Union, 36 F.3d 306, 312 (3d Cir. 1994) (emphasizing the two-pronged complete preemption test as the "only basis for recharacterizing a state claim as a federal claim").